# Exhibit "A"

FILED
3/9/2016 3:42:10 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

2CITSPPS W/JD SAC1

CAUSE NO. 2016CI04220

| | | |
|---|---|---|
| ATILLA ANTHONY CHARLES | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 225 JUDICIAL DISTRICT |
| | § | |
| NEW YORK LIFE INSURANCE COMPANY | § | |
| AND NEW YORK LIFE INSURANCE AND | § | |
| ANNUITY CORPORATION | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ATILLA ANTHONY CHARLES, hereinafter called Plaintiff, complaining of and about NEW YORK LIFE INSURANCE COMPANY AND NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

Plaintiff ATILLA ATHONY CHARLES is an individual residing in Bexar County, Texas and may be contact through his undersigned attorneys. Plaintiff's last three digits of his Texas Drivers License are 071 and Plaintiff's last three digits of his social security number are 808.

Defendant, NEW YORK LIFE INSURANCE COMPANY, is a foreign for-profit corporation engaging in the business of insurance and operating in the state of Texas procuring

and adjusting policies in Texas. NEW YORK LIFE INSURANCE COMPANY may be served through its attorney for service at the following address:

CT Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136.

Defendant, NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, is a foreign for-profit corporation engaging in the business of life insurance, annuity and operating in the state of Texas procuring and adjusting policies in Texas. NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION may be served through its attorney for service at the following address:

CT Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136.

## III. JURISDICTION AND VENUE

The Court has subject-matter jurisdiction over the lawsuit because the subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over Defendant NEW YORK LIFE INSURANCE COMPANY, because the aforementioned Defendant operates in Bexar County, Texas and said incident occurred in Bexar County, Texas.

This court has jurisdiction over Defendant NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, because the aforementioned Defendant operates in Bexar County, Texas and said incident occurred in Bexar County, Texas.

Venue in Bexar County is proper in this cause.

## IV. FACTS

Ms. Joan J. Charles purchased life insurance and an income annuity from New York Life Insurance Company and New York Life Insurance and Annuity Corporation. Specifically, Ms. Joan J. Charles acquired an income annuity (policy no. 74 788015) for the benefit of Mr. Atilla Anthony Charles and a life insurance policy (policy no. 58413638) naming Mr. Atilla Anthony Charles as a beneficiary.

Ms. Joan J. Charles' policies remained active and enforced during her life. Ms. Charles' passed away on April 20, 2015. On or about that time, Defendants New York Life Insurance Company and New York Life Insurance and Annuity Corporation were placed on notice that Ms. Charles' had passed away and that the policies were to be paid out to the named beneficiaries. New York Life Insurance Company and New York Life Insurance and Annuity Corporation have refused to pay Mr. Atilla Anthony Charles, Plaintiff herein, on the policies stating an "ongoing or pending" investigation. Mr. Atilla Anthony Charles has filed a claim, provided written notice to Defendants, provided the proper additional documentation requested by Defendants and requested that payment be made in accordance with the policies. To date New York Life Insurance Company and New York Life Insurance and Annuity Corporation have failed to issue payment.

## V.

## BREACH OF CONTRACT

An enforceable contract existed and Defendants' made a material breach. Defendants made an offer of an annuity, with clear and definite terms and an offer of life insurance, to Ms. Joan J. Charles. Defendants' conduct and language showed with reasonable certainty Defendants' intent to enter into multiple contracts with Ms. Joan J. Charles. Ms. Charles accepted Defendants offer

through the funding of the annuity, the funding of a life insurance policy and the signing of the respective contracts.

Execution and delivery of the annuity and the life insurance policy occurred. The contracts were accepted and Ms. Charles made initial investments funding the annuities and the life insurance policy. Ms. Charles continued to fully perform her contractual obligations until her death. Defendants breached the contract by failing to payout Ms. Charles' annuity and life insurance policy to Plaintiff. Defendants have continued to delay payment even though the name insured is deceased; Plaintiff has provided the proper documentation and the policies are ripe for payment.

As a direct and proximate result of Defendants' breaches by and through the acts of their agents, servants, and/or employees, Plaintiff sustained damages, including but not limited to the benefits provided for under the policy, court costs and attorneys' fees.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff and Defendants are in the type of special relationship that the duty of good faith and fair dealing was developed to protect. Plaintiff performed all, or substantially all, of the covenants, and acts required to be performed by him in accordance with the terms and conditions of the policies. Ms. Charles entered into an agreement with Defendants naming specific beneficiaries. Defendants sold Ms. Charles an annuity and life insurance policy with the representations that the annuity and life insurance would provide certain benefits and be paid out which has failed to occur. Plaintiff has filed a claim and provided written notice of said claim and request for payment.

As a direct and proximate result of Defendants' breaches by and through the acts of their agents, servants, and/or employees, Plaintiff sustained damages, including but not limited to the

benefits provided for under the policy, court costs and attorneys' fees.

## TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA)

Plaintiff is a consumer under the DTPA. Plaintiff was a named beneficiary under the annuity and life insurance policy purchased by Ms. Charles.

Defendants through their actions and practices offered/promised Ms. Charles certain characteristics and benefits through her purchases of an annuity, a life insurance policy and payments of initial investments. Defendants used their superior experience and knowledge of annuities and life insurance policies to coerce Ms. Charles into purchasing the annuities in question. Defendants acted unconscionably by taking advantage of Ms. Charles' lack of knowledge, abilities, experience, and capacities to a grossly unfair degree. Furthermore, Defendants through their actions and practices have purposefully delayed Plaintiff's recovery.

As a direct and proximate result of Defendants' violation of the DTPA and wrongful conduct, Plaintiff sustained damages, including but not limited to the benefits provided for under the policy, court costs and attorneys' fees.

Furthermore, Plaintiff seeks recovery of unliquidated damages within the jurisdictional limits of this court. Defendants, Defendants' agents, servants, and/or employees acted knowingly and intentionally, which (1) entitles Plaintiff to recover mental anguish damages under Texas Business & Commerce Code § 17.50(b)(1); (2) entitles Plaintiff to recover treble economic damages under Texas Business and Commerce Code § 17.50(b)(1); and (3) entitles Plaintiff to recover for reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code § 17.50(d).

## DTPA AND THE TEXAS INSURANCE CODE CHAPTER 541

Defendants knowingly and intentionally misrepresented the terms of the policy and

negligently and or fraudulently induced Ms. Charles into getting this specific annuity and life insurance policy. Furthermore, Defendants failed to adhere to the provisions stated in the offline annuity and life insurance policy because Defendants have failed to honor the payout provisions following Ms. Charles' death. But-for Defendants' misrepresentations of the terms of the policy and promises of certain benefits and advantages Ms. Charles would not have purchased the life insurance policy and income annuity and Plaintiff would not have suffered injuries.

As a direct and proximate result of Defendants' violation of the Texas Insurance Code chapter 541 by and through the acts of their agents, servants, and/or employees, Plaintiff sustained damages, including but not limited to the cost of the premium payments and interests promised but not earned, in an amount exceeding $1,000,000, exemplary damages in an amount the court sees fit due to Defendants' malicious, otherwise morally culpable conduct and to deter such conduct in the future, pre and post-judgment interest, court costs and attorney fees.

## TEXAS INSURANCE CODE CHAPTER 542

Plaintiff filed a claim with Defendants following Ms. Charles' death. Plaintiff was an intended beneficiary under both the income annuity and the life insurance policy. Plaintiff triggered the statute by giving written notice of Ms. Charles' death to Defendants and properly filing his claim. Plaintiff has complied with Defendants requests for documentation and has provided all necessary documentation. Defendants have failed to give proper notice to Plaintiff and have failed to pay Plaintiff on the policies and under the sixty-day requirement provided for by the Prompt Payment Statute.

As a direct and proximate result of Defendants' violation of the Texas Insurance Code chapter 542 by and through the acts of their agents, servants, and/or employees, Plaintiff sustained damages, including but not limited to the cost of the premium payments and 18% interest per

Case Number: 2016CI04220

ATILLA ANTHONY CHARLES VS. NEW YORK LIFE INSURANCE CO. ET AL
*Plaintiff's Original Petition - Page 6 of 8*
Document Type: PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
Page 6 of 8

annum, in an amount exceeding $1,000,000, exemplary damages in an amount the court sees fit due to Defendants' malicious, otherwise morally culpable conduct and to deter such conduct in the future, court costs and attorney fees.

## EXEMPLARY DAMAGES

Plaintiff's injury resulted from Defendants' gross negligence, malice or actual fraud by and through the acts of their agents, servants, and/or employees, which entitles Plaintiffs to exemplary damages under Texas Civil Practices & Remedies Code section 41.003(a). Exemplary damages are designed to penalize and punish a Defendant for outrageous, malicious, or otherwise morally culpable conduct and to deter such conduct in the future. Furthermore, exemplary damages set public example to prevent repetition of the act. Defendants knowingly and purposefully failed to promptly pay Plaintiff. Defendants are in the business of providing financial services. The Court should grant Plaintiffs' request for exemplary damages as a punishment for Defendants and as an example to the public for their illegal action and practices.

## ATTORNEY FEES

Plaintiffs are entitled to recover reasonable and necessary attorney fees under section 17.50 of the Business and Commerce Code, under chapter 541 of the Texas Insurance Code and under chapter 542 of the Texas Insurance Code.

## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs require Defendants in this cause of action to disclose information or material described in Rule 194.2, within 50 days of the service of this request.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants in an amount over $1,000,000 that will compensate Plaintiff for his losses and damages as stated above, together with both pre and post-judgment interest, 18% interest per annum for the time of filing his claim; equitable relief as stated above; exemplary damages as stated above; all costs of court; attorney fees and all other relief to which Plaintiff is entitled.

Respectfully submitted,

CHRIS PETTIT & ASSOCIATES, P.C.
11902 Rustic Lane
San Antonio, Texas 78230
210-732-8300 Telephone
210-764-1718 Facsimile

By: _____
CHRISTA SAMANIEGO
Email: christasamaniego@mac.com
SBOT: 17554450
CATHLEEN LOCKHART
SBOT: 24005121
MANUEL ACUNA-NEELY
SBOT: 24091489

ATTORNEYS FOR PLAINTIFF,
ATILLA ANTHONY CHARLES

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*March 15, 2016*

DONNA KAY McKINNEY
BEXAR COUNTY, TEXAS

By: _____
IRMA K TORRES, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED   3/9/2016 5:30:16 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Olivia Cruz

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): __2016CI04220__   COURT (FOR CLERK USE ONLY): __225TH__

STYLED **ATILLA ANTHONY CHARLES V. NEW YORK LIFE INSURANCE COMPANY, ET AL.**
(e.g., John Smith v. All American Insurance Co, In re Mary Ann Jones, In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: Christa Samaniego | Email: christasamaniego@mac.com | Plaintiff(s)/Petitioner(s): Atilla Anthony Charles | Person or entity completing sheet is: ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other |
| --- | --- | --- | --- |
| Address: 11902 Rustic Lane | Telephone: (210) 732-8300 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio, Texas 78230 | Fax: (210) 764-1718 | Defendant(s)/Respondent(s): New York Life Insurance Company; New York Life Insurance and Annuity Corporation | Custodial Parent: Non-Custodial Parent: Presumed Father: |
| Signature: /s/ Christa Samaniego | State Bar No: 17554450 | [Attach additional page as necessary to list all parties] | |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
| --- | --- | --- | --- | --- |
| **Debt/Contract** ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: **Foreclosure** ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☒ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation **Malpractice** ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: ☐ Motor Vehicle Accident ☐ Premises **Product Liability** ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: | ☐ Eminent Domain/Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus—Pre-indictment ☐ Other: | ☐ Annulment ☐ Declare Marriage Void **Divorce** ☐ With Children ☐ No Children **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Paternity/Parentage ☐ Termination of Parental Rights ☐ Other Parent-Child: |
| **Employment** ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | **Other Civil** ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |

| Tax | Probate & Mental Health | |
| --- | --- | --- |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | **Probate/Wills/Intestate Administration** ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court   ☐ Declaratory Judgment   ☐ Prejudgment Remedy
☐ Arbitration-related                      ☐ Garnishment              ☐ Protective Order
☐ Attachment                                ☐ Interpleader             ☐ Receiver
☐ Bill of Review                            ☐ License                  ☐ Sequestration
☐ Certiorari                                ☐ Mandamus                 ☐ Temporary Restraining Order/Injunction
☐ Class Action                              ☐ Post-judgment            ☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*March 15, 2016*

DONNA KAY McKINNEY
BEXAR COUNTY, TEXAS

By: _____

IRMA K TORRES, Deputy District Clerk

*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*